1  DEBRA WONG YANG
   United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   ELIZABETH R. YANG (Cal. Bar No. 196461)
4  STEPHEN G. WOLFE (Cal. Bar No. 116400)
   Assistant United States Attorneys
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-7408
7       Facsimile: (213) 894-3713

8  Attorneys for Plaintiff
   United States of America
9
                    UNITED STATES DISTRICT COURT
10
               FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12  UNITED STATES OF AMERICA,    ) No. CR 02-938-GHK
                                 )
13           Plaintiff,          ) GOVERNMENT'S RESPONSE TO
                                 ) DEFENDANT McELHINEY'S MOTION TO
14           v.                  ) CONTINUE TRIAL DATE
                                 )
15  MICHAEL PATRICK McELHINEY,   )
                                 )
16           Defendant.          )
                                 )
17  _____ )

18       Plaintiff United States of America hereby responds to

19  defendant Michael Patrick McElhiney's Motion to Continue Trial

20  Date, filed under seal.

21  Dated: April 28, 2006         Respectfully submitted,

22                                DEBRA WONG YANG
                                  United States Attorney
23                                THOMAS P. O'BRIEN
                                  Assistant U. S. Attorney
24                                Chief, Criminal Division

25                                _____
                                  STEPHEN G. WOLFE
26                                Assistant United States Attorney

27                                Attorneys for Plaintiff
                                  United States of America
28

## GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE TRIAL

Defendant McElhiney has filed a motion, which he seeks to file under seal, to continue the date of his trial, now set for October 10, 2006. Because the government has not been served with defendant McElhiney's motion, the government does not know what grounds defendant advances or whether they are related in any way to defendant's pro se status, or whether defendant moves to sever his trial from that of defendant Steve Loren Scott, or continue the trial for both.

In any event, the government does not oppose defendant McElhiney's motion to continue the date for his trial. Indeed, the government makes this response to submit respectfully that a severance of defendant McElhiney in order to continue the trial date for defendant McElhiney while holding trial for co-defendant Scott as scheduled on October 10, 2006 would (1) further the overall efficiency and conservation of judicial and related resources in this case, (2) address whatever concerns prompt defendant McElhiney's motion to continue, and (3) provide a prompt and efficient resolution of the charges against defendant Scott.

The government submits this proposal because of the great efficiencies in trying defendant McElhiney along with defendant David Michael Sahakian, since the charges against these two defendants are very extensive, and virtually identical. In contrast, the charges against defendants McElhiney and Scott have little overlap.

Defendant McElhiney is charged in Counts 1, 2, 3, 6, 7, and 8 of the First Superseding Indictment ("the Indictment"). Defendant Sahakian is charged in the same counts. Defendant Scott, however, is charged only in Counts 1, 2 and 8.

Within Count 1, defendant McElhiney is charged in Racketeering Acts 29, 30, 34, 37, and 45. Defendant Sahakian is charged in the identical Racketeering Acts, plus Acts 10 and 20. Defendant Scott is charged in Racketeering Acts 9, 37, 45, and 46.

With respect to the capital charges in the Indictment, defendant McElhiney is eligible for the death penalty under Counts 3, 6, 7, and 8, and the Attorney General has determined to seek the death penalty against defendant McElhiney for all four counts. Defendant Sahakian is also eligible for the death penalty under the same counts. The Attorney General's decision on whether to seek the death penalty against defendant Sahakian is due on December 19, 2006. (In an earlier prosecution of defendant Sahakian in the Southern District of Illinois involving charges essentially identical to Count 8 of the Indictment, the Attorney General decided to seek the death penalty against defendant Sahakian). Defendant Scott was eligible for the death penalty only under Count 8, but the Attorney General has decided not to seek the death penalty against defendant Scott.

A trial of the Indictment against defendant McElhiney alone would require 5-8 months, depending upon the defense case and whether the trial reached a penalty phase. A trial of the

Indictment against defendant Sahakian alone would require the same 5-8 months, depending upon the defense case and whether the trial reached a penalty phase. Thus, a trial of defendants McElhiney and Sahakian together would take little longer than a trial of either alone. A trial of the Indictment against defendant Scott alone, however, would probably require less than one month. Trying defendant Scott along with defendant McElhiney probably adds an additional week to the trial of defendant McElhiney alone.

Separating the trials of defendants Sahakian and McElhiney requires very extensive, and almost entirely duplicative, expenditure of resources by not only the Court, but by the U.S. Marshals Service. Assuming that the Attorney General decides to seek the death penalty against defendant Sahakian, if trial against defendant McElhiney proceeded separately from that of defendant Sahakian, the Court would be presiding over two nearly identical trials in terms of evidence presented and witness testimony. In addition, great resources must be expended by the jury commissioner in each capital jury selection process. Moreover, many, if not all, of the witnesses that would be called to testify at the trial of defendant McElhiney will also be testifying at the trial of defendant Sahakian. Many of those same witnesses are housed in Witness Security prisons and other locations around the country. Transporting these witnesses (with the particular demands of transporting witnesses in protective custody) requires a significant expenditure of resources by the

1  U.S. Marshals Service and the Witness Security Program.  Trying
2  defendants McElhiney and Sahakian together would thus contribute
3  greatly to reducing the logistical and financial burden of these
4  agencies.

5      In the fall of 2004, at the Court's order, the parties
6  submitted proposed groupings of defendants for trial.  In that
7  report, the government suggested that defendants McElhiney and
8  Scott should be tried together.  While that seemed appropriate to
9  the government under the circumstances at that time, defendant
10 Sahakian had not yet appeared in this case.  With defendant
11 Sahakian in the case, the most logical, efficient groupings of
12 defendants for trial would always place defendants McElhiney and
13 Sahakian together.

## Conclusion

15     For all the foregoing reasons, the government respectfully
16 submits that defendant McElhiney's motion to continue the date
17 for his trial should be granted with an eye to the combining of
18 defendants McElhiney and Sahakian for trial,[1] and that defendant
19 Scott should be severed from defendant McElhiney and tried alone
20 as scheduled on October 10, 2006.

---

[1] On April 27, 2006, the government contacted defendant McElhiney's standby counsel, James Bisnow, to inquire about defendant McElhiney's position on being tried with defendant Sahakian.  On April 28, 2006, Mr. Bisnow reported defendant McElhiney's response in its totality: "no comment."

CERTIFICATE OF SERVICE

I, **CAREY P. CRONIN**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S RESPONSE TO DEFENDANT McELHINEY'S MOTION TO CONTINUE TRIAL DATE**

service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**SEE ATTACHMENT**

This Certificate is executed on ___4/28/06___, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

CAREY P. CRONIN

**ATTACHMENT**

**UNITED STATES v. BARRY BYRON MILLS, et al.**
No. CR 02-938-GHK

James Bisnow (Michael McElhiney Advisory Learned Capital Counsel)
880 West First Street, Suite 304
Los Angeles, CA  90012

Joseph L. Green (David Sahakian)
Once city Centre, Suite 2001
St. Louis, Missouri 63101

Amy E. Jacks (Steve Scott)
1717 4th Street, Suite 300
Santa Monica, CA 90401

Michael Patrick McElhiney
Reg. No. 04198-097 (8-N)
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, CA 90053

Burt Shostak (David Sahakian)
8015 Forsyth Boulevard
St. Louis, Missouri 63101