1  Matthew F. Heffron
   Fitzgerald, Schorr, Barmettler
2  & Brennan, PC, LLO
   13220 California Street, Suite 400
3  Omaha, NE 68154-5228
   (402)348-3974
4
   ELLEN M. BARRY (No. 141286)
5  316 W. Second Street
   Suite 1202
6  Los Angeles, California 90012
   Telephone (213) 621-1662
7  Facsimile (213) 621-1644
8  Attorney for Defendant
   **PAMELA J. GRIFFIN**
9
10              UNITED STATES DISTRICT COURT
11             CENTRAL DISTRICT OF CALIFORNIA
12                    WESTERN DIVISION
13
14
   UNITED STATES OF AMERICA,      )  NO. CR 02-938(E)-RGK
15                                 )
                    Plaintiff,     )  FILING OF EXHIBIT: ORIGINAL
16                                 )  SIGNATURE ON COUNSEL'S
              v.                   )  DECLARATION RELATED EX PARTE
17                                 )  APPLICATION FOR ORDER
   JOHN STINSON, et. al.           )  SHORTENING TIME TO FILE
18                                 )  PAMELA GRIFFIN MOTION TO
                    Defendants     )  QUASH SUBPOENA
19                                 )
                                   )
20      On October 20, 2006, witness Pamela Griffin lodged with this
21  court an Ex Parte Application for Order Shortening Time for Filing,
22  together with a Declaration of her counsel, Matthew Heffron.  As
23  was explained in the additional Declaration of undersigned counsel,
24  at the time of filing, local counsel did not have an original,
25  signed Declaration of Mr. Heffron, and signed on his behalf.  /
26  /
27  /
28  /

1  Herewith is the original, signed Declaration.

2                                    Respectfully submitted,

3

4  DATED:  October 25, 2006

5                                    ELLEN M. BARRY
                                     Attorney for Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MATTHEW F. HEFFRON

I, Matthew F. Heffron, hereby state and declare as follows:

1.    I am an attorney retained to represent Pamela J. Griffin, who has been subpoenaed to testify as a witness in the above-titled action.

2.    A Subpoena to Testify in a Criminal Case was issued on August 28, 2006 commanding Mrs. Griffin to appear and testify on October 3, 2006 in the above-titled action *against her husband*, Robert Lee Griffin.

3.    Mrs. Griffin was not served with the subpoena for over three weeks, until ATF Agent Jim Slauson served the subpoena on me, as Mrs. Griffin's attorney, on September 19, 2006.

4.    On September 23, 2006, I contacted the Government's counsel, Assistant United States Attorney Mark Aveis, and advised him that Mrs. Griffin was married to Robert Lee Griffin and, if called to testify, she would assert the anti-marital facts privilege.  I also told him a Motion to Quash would be filed.

5.    On September 28, 2006, I mailed a Motion to Quash Subpoena in a Criminal Case for filing with this Court.  I indicated that the date and time of the hearing were to be assigned by the Court, because I was under the belief that the Court was taking all motions off the calendar and ruling on the pleadings and that the Court would set a date for hearing if necessary.

6.    On September 28, 2006, I also mailed a copy of the Motion to Quash to AUSA Mark Aveis.

7.   On October 3, 2006, I spoke again with AUSA Aveis regarding the Motion to Quash.

8.   The Motion to Quash Subpoena was received by this Court on September 29, 2006, but not filed.  On October 12, 2006, the Motion was stamped by this Court "Received and Returned."

9.   I received the returned Motion on Saturday, October 14, 2006.

10.   On Wednesday, October 18, 2006, an attorney in my office informed AUSA Mark Aveis of this Ex Parte Application for Order Shortening Time.  Despite having received the Motion to Quash over a month prior to the hearing requested in this Application, and despite having several conversations with Mrs. Griffin's counsel about the Motion, AUSA Aveis stated the Government would object to the Motion as untimely.

11.   The Motion to Quash should be heard on Monday, October 30, 2006, because this issue must be decided before Mrs. Griffin testifies. I have been informed that witnesses could be called to testify in the above-titled case as early as October 31, 2006.  If the Motion to Quash is not heard before October 31, 2006, the trial will be delayed when Mrs. Griffin is called to testify and raises the issues addressed in the Motion to Quash, which will require argument outside the presence of the jury at that time.

12.   If this Court does not grant this Application for Order Shortening Time for Filing, Mrs. Griffin requests the Court to set the hearing on November 13. If the time for such a hearing is after the start of the trial, the Government should not be allowed to exclude Mrs. Griffin from the Courtroom before then.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED this 18th day of October, 2006.

Matthew F. Heffron

4

## PROOF OF SERVICE

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is 316 W. Second Street, Suite 1202, Los Angeles, CA 90012; I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed by a member of the Bar of the United States District Court for the Central District of California, and I served the attached

FILING OF EXHIBIT: ORIGINAL SIGNATURE ON COUNSEL'S DECLARATION RELATED EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO FILE PAMELA GRIFFIN MOTION TO QUASH SUBPOENA

Service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] By hand-delivery addressed as follows:

[x] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By facsimile as follows:

[ ]Via email as:

AUSA MARK AVEIS
UNITED STATES ATTORNEY OFFICE
312 N. Spring Street
Los Angeles, CA 90012

This proof of service is executed at Los Angeles, California, on October 25, 2006

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

ELLEN BARRY